

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

DENNIS NEUGEBAUER,

    Plaintiff,

vs.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

    Defendant.

4:15-cv- 4189

PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

COMES NOW Plaintiff Dennis Neugebauer, for his Complaint against Defendant American Family Mutual Insurance Company, states and alleges as follows:

### Parties

1. Plaintiff Denny Neugebauer ("Neugebauer") is, and at all relevant times was, a resident of Sioux Falls, South Dakota.

2. Defendant American Family Mutual Insurance Company ("American Family"), is a Company organized, with its principal place of business, outside the State of South Dakota.

### Jurisdiction and Venue

3. The Court has jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.

4. The damages at issue exceed $75,000.

4:015-cv-_____
Plaintiff's Complaint and Demand for Jury Trial

## Statement of the Facts

5. Neugebauer purchased a policy of homeowner's insurance from American Family, which was in effect before and after June 2014.

6. In June 2014, Neugebauer's home was damaged in a hailstorm.

7. The June 2014 hail storm caused extensive, widespread, functional, and plainly visible damage to Neugebauer's shake shingle roof.

8. Hail damage is a covered cause of loss under the insurance policy sold by American Family to Neugebauer.

9. Neugebauer submitted a timely claim to American Family for the hail damage to the home.

10. An authorized agent of American Family inspected Neugebauer's home after the hail event and before June 16, 2014.

11. Based on the initial inspection, Heather Steffens, an authorized agent acting on behalf of American Family at all relevant times, wrote a letter to Neugebauer on June 16, 2014.

12. Heather Steffens' June 16, 2014 report listed $3,215.30 as a reasonable amount to repair the damage to the gutters/down spouts and deck handrail at Neugebauer's home.

13. Heather Steffens' June 16, 2014 report found no damage to the shingles on Neugebauer's home.

14. $3,215.30 was not a reasonable amount of money to fix the damage caused by the hailstorm to Neugebauer's home, including his shake shingle roof.

4:015-cv-_____
Plaintiff's Complaint and Demand for Jury Trial

15. American Family knew or recklessly disregarded the fact that $3,215.30 was not sufficient to repair Neugebauer's home, including his shake shingle roof.

16. American Family has a practice of limiting its payments to its insureds by failing to conduct a reasonable investigation and identifying an intentionally or reckless low amount of benefits owed under the policy.

17. American Family's purported investigation conducted before Heather Steffens' June 16, 2014 report was not a reasonable investigation of Neugebauer's claim.

18. American Family knew or recklessly disregarded that its initial investigation was biased in favor of American Family.

19. American Family had no reasonable basis to believe that $3,215.30 was sufficient to repair the hail damage to Neugebauer's home.

20. If American Family would have performed a reasonable investigation and/or evaluation of Neugebauer's claim, it would have known that $3,215.30 was not sufficient to repair the hail damage to Neugebauer's home, including his shake shingle roof.

21. Neugebauer disputed Heather Steffens' conclusion that $3,215.30 would adequately repair his home, including his shake shingle roof.

22. American Family then conducted another inspection of Neugebauer's roof on or before May 29, 2015.

23. On May 29, 2015, Heather Steffens sent Neugebauer another report based on its second investigation.

24. Heather Steffens' May 29, 2015 report stated that $3,781.19 was an appropriate amount to repair the damage to Neugebauer's shake shingle roof.

25. $3,781.19 was not a reasonable amount of money to fix the damage caused by the hailstorm to Neugebauer's shake shingle roof.

26. American Family knew or recklessly disregarded the fact that $3,781.19 was not sufficient to repair Neugebauer's shake shingle roof.

27. American Family continued with its practice of limiting its payments to its insureds by failing to conduct a reasonable investigation and identifying an intentionally or reckless low amount of benefits owed under the policy.

28. American Family's purported investigation conducted before Heather Steffens' May 29, 2015 report was another example of American Family not conducting a reasonable investigation of Neugebauer's claim.

29. American Family knew or recklessly disregarded that its subsequent investigation was biased in favor of American Family.

30. American Family had no reasonable basis to believe that $3,781.19 was sufficient to repair the hail damage to Neugebauer's shake shingle roof.

31. If American Family would have performed a reasonable investigation and/or evaluation of Neugebauer's claim, it would have known that $3,781.19 was not sufficient to repair the hail damage to Neugebauer's shake shingle roof.

32. More than a year after American Family's initial sham investigation, an American Family authorized agent determined that Neugebauer's shake shingle roof suffered at least $15,540.00 in damages as a result of the June 2014 hail storm.

33. American Family's practice of conducting sham investigations caused additional damage to Neugebauer's shake shingle roof.

34. American Family continues to refuse to pay the full amount owed under the policy that is needed to properly fix Neugebauer's shake shingle roof for the damage

4:015-cv-_____
Plaintiff's Complaint and Demand for Jury Trial

caused by the June 2014 hailstorm and American Family's sham investigations.

35. American Family intentionally and recklessly continues with its pattern and practice of refusing to consider information establishing that a partial repair of the Neugebauer's shake shingle roof is not appropriate.

36. Rather than consider information establishing that a partial repair of Neugebauer's shake shingle roof is not appropriate, American Family terminated Neugebauer's insurance policy because he filed a claim after the June 2014 hail storm.

37. American Family has engaged in a pattern and practice of denying and delaying the payment of the full amount of benefits owed under the policy.

38. American Family had a duty to perform a reasonable investigation of Neugebauer's claim.

39. Part of each premium American Family charges includes a portion for the expenses required to properly investigate claims.

40. American Family is required to conduct a reasonable investigation of an insured's claim.

41. A reasonable investigation requires the insurer to look for reasons to pay, and not just reasons not to pay.

42. In evaluating Neugebauer's claim, American Family has a duty to give just as much consideration to his interests as it gave to its interests.

43. American Family has a duty to assist Neugebauer with identifying facts that support a payment that would fully fix the home, including Neugebauer's shake shingle roof.

4:015-cv-_____
Plaintiff's Complaint and Demand for Jury Trial

44. American Family had a duty to inform Neugebauer of any information obtained during the investigation of the claim regardless of whether the information would result in an increase in the amount needed to fully fix Neugebauer's home.

45. American Family could not eliminate its duties of good faith and fair dealing by delegating them to an agent.

46. American Family is responsible for the investigation and evaluation of Neugebauer's claim by its agents.

47. American Family's claims handling process as described in this Complaint is designed to deny paying Neugebauer the full amount owed under the insurance policy.

48. American Family's claims handling process as described in this Complaint is designed to delay paying Neugebauer the full amount owed under the insurance policy.

49. As a result of American Family's claims handling process as described in this Complaint, Neugebauer has been damaged as follows:

   a. Neugebauer has been deprived of the benefits of the contract and of the timely fixing of his home depending on the current costs of materials and labor;
   b. Neugebauer's shake shingle roof has sustained additional damage as a result of American Family's sham investigations;
   c. Neugebauer has experienced increased expenses, aggravation, fear, annoyance, frustration, distress, and inconvenience due to the wrongful denial and delay of his claim;
   d. Neugebauer was forced to retain a lawyer at his personal expense.

4:015-cv-_____
Plaintiff's Complaint and Demand for Jury Trial

# Count I
## (*Breach of Contract*)

50. Neugebauer realleges and restates paragraphs 1-49 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

51. American Family has breached the contract of insurance with Neugebauer by failing to pay the full amount of benefits owed under the policy in a timely manner.

# Count II
## (*Bad Faith*)

52. Neugebauer realleges and restates paragraphs 1-51 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

53. American Family is intentionally or recklessly utilizing a claims handling process designed to maximize its profits at its insureds' expense.

54. American Family is intentionally or recklessly utilizing a claims handling process designed to delay the payment of benefits owed under the terms of the policy.

55. American Family is intentionally or recklessly utilizing a claims handling process designed to deny the full payment of benefits owed under the terms of the policy.

# Count III
## (*Punitive Damages*)

56. Neugebauer realleges and restates paragraphs 1-55 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

57. American Family acted with oppression, fraud, or malice, as established in this Complaint, and punitive damages are necessary and appropriate in order to punish and deter.

4:015-cv-_____
Plaintiff's Complaint and Demand for Jury Trial

## Count V
### (*Vexatious Refusal to Pay*)

58. Neugebauer realleges and restates paragraphs 1-57 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

59. American Family unreasonably and vexatiously refused to pay amounts owing under the policy, requiring the Court to award reasonable attorneys' fees as authorized under SDCL § 58-12-3.

### Requested Relief

WHEREFORE, Plaintiff Denny Neugebauer prays that this Court:

1. Enter judgment in Neugebauer's favor;

2. Award Neugebauer his damages plus prejudgment interest thereon;

3. Award Neugebauer his attorneys' fees and costs as allowed by law; and

4. Grant such other further relief as may be just and proper.

### Demand for Jury Trial

Neugebauer demands a trial by jury with regard to any and all questions of fact pertaining to any and all claims asserted in the above-entitled matter.

4:015-cv-_____
Plaintiff's Complaint and Demand for Jury Trial

Dated this 11th day of December, 2015.

FULLER & WILLIAMSON, LLP

_____
Derek A. Nelsen
Eric T. Preheim
7521 South Louise Avenue
Sioux Falls, SD 57108
Phone:(605) 333-0003
Fax:   (605) 333-0007
dnelsen@fullerandwilliamson.com
epreheim@fullerandwilliamson.com
*Attorneys for Plaintiff*