UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS NEUGEBAUER,<br><br>                          Plaintiff,<br>vs.<br><br>AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY,<br><br>                          Defendant. | CIV. 15-4189<br><br>**DEFENDANT'S ANSWER<br>TO PLAINTIFF'S COMPLAINT** |

      COMES NOW, American Family Mutual Insurance Company, Defendant in the above-entitled action, by and through its attorney herein, and presents the following as its Answer to the Complaint in this matter:

      1.     Defendant denies each and every allegation, matter, fact and statement contained in the Complaint except what is expressly admitted herein.

      2.     Defendant admits the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 21, 22, 23, 40 and 42 of Plaintiff's Complaint.

      3.     Defendant specifically denies the allegations contained in Paragraphs 15, 16, 17, 18, 19, 26, 27, 28, 29, 30, 33, 34, 35, 37, 47, 48, 51, 53, 54, 55, 57 and 59.

      4.     As to Paragraph 7 of Plaintiff's Complaint, Defendant admits that a June 2014 hailstorm likely caused damage to Plaintiff's roof, but that more than one hailstorm occurred that month and Plaintiff's assertion does not clarify or specify dates.

      5.     As to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant agrees that the June 16, 2014 estimate of damages identified $3,215.03 as the Replacement Cost

Value for the claimed damages, which amount does not include the depreciated value on the damaged property.

6.  As to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Defendant agrees that the June 16, 2014 estimate did not include damages to the shingles.

7.  As to the allegations contained in Paragraphs 14 and 20 of Plaintiff's Complaint, Defendant asserts that said amount of money was a reasonable amount for the estimate based upon the information known, discovered and received at that time.

8.  As to the allegations contained in Paragraph 24 of Plaintiff's Complaint, Defendant asserts that the May 29, 2015 estimate of damages identified $6,996.49 as the Replacement Cost Value for the claimed damages, which amount does not include the depreciated value on the damaged property.

9.  As to the allegations contained in Paragraph 25 of Plaintiff's Complaint, Defendant asserts that said amount of money was a reasonable amount for the estimate based upon the information known, discovered and received at that time.

10. As to the allegations contained in Paragraph 31 of Plaintiff's Complaint, Defendant asserts that it did perform a reasonable investigation and/or evaluation of Plaintiff's claim.

11. As to the allegations contained in Paragraph 32 of Plaintiff's Complaint, Defendant specifically denies any "sham" investigation took place, but admits that the parties entered the appraisal process, and that the appraiser chosen by Defendant arrived at an agreed upon amount with the appraiser chosen by Defendant, of roof damage totaling $15,540.00.

12. As to the allegations contained in Paragraph 36 of Plaintiff's Complaint, Defendant admits that the insurance policy was ultimately terminated, but denies the remainder of the allegations.

13. As to the allegations contained in Paragraph 39 of Plaintiff's Complaint, Defendant acknowledges that a portion of premiums charged are utilized to properly investigate claims.

14. As to the allegations contained in Paragraph 49 of Plaintiff's Complaint, Defendant asserts that Plaintiff has been either paid, or been presented the funds he is owed under the contract. As to the remainder of Plaintiff's damage claims in Paragraph 49, Defendant is without sufficient information, knowledge or belief to admit or deny the same, and remits Plaintiff to strict proof thereof.

15. As to the allegations contained in Paragraphs 38, 41, 42, 43, 44, 45, 46, Defendant generally admits as to the allegations as to the duties presented, but asserts that the same are subject to the terms and conditions of the policy of insurance and more clearly defined under the applicable law.

16. Defendant specifically denies it has breached a contract with Plaintiff, or breached any duty of good faith and fair dealing in investigating and evaluating this claim. Defendant further denies that its actions were wanton or in reckless disregard of Plaintiff's rights which would allow for any claims of punitive damages. Defendant further specifically denies that any of its conduct or actions has been vexatious or without reasonable cause.

17. Defendant affirmatively asserts that there exists a reasonable basis for the handling of the claim in that there exists fairly debatable issues as to the valuation of the claim under the circumstances of the case.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed on its merits with prejudice, that Plaintiff take nothing thereby and that Defendant be awarded its costs and disbursements herein, together with such other relief as the Court shall deem just and equitable.

**TRIAL BY JURY IS DEMANDED**

Dated this 11th day of January, 2016.

                                   **MYERS BILLION, LLP**

                                   By:  /s/ Steven J. Morgans
                                       Steven J. Morgans
                                       P.O. Box 1085
                                       Sioux Falls, SD  57104
                                       Phone:  (605) 336-3700
                                       e-mail:  smorgans@myersbillion.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 11th day of January, 2016, I caused this **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** to be filed electronically with the Clerk of Court through ECF and that ECF will send a notice of electronic filing to the following:

| | |
|---|---|
| Derek A. Nelsen<br>dnelson@fullerandwilliamson.com | Eric T. Preheim<br>epreheim@fullerandwilliamson.com |

                                         /s/ Steven J. Morgans
                                         Steven J. Morgans