UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS NEUGEBAUER,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERCIAN FAMILY MUTUAL<br>INSURANCE COMPANY,<br><br>    Defendant. | 4:15-CV-04189-KES<br><br><br>FORM 52 REPORT<br>AND SCHEDULING<br>INFORMATION |

Pursuant to the Court's Order for Form 52 Report and Scheduling Information (Doc. 7), the parties, by and through their counsel of record, and jointly submit the following Form 52 Report and Scheduling Information.

**A.**     **Date and Place of the Meeting and Identification of the Parties and their Attorneys.**

1.     The date and place at which the meeting was held.

        February 5, 2016, at the Fuller & Williamson Law Firm.

2.     Name and address of each party, together with the name and address of the attorney or attorneys who represented each party at the meeting.

        For the Plaintiff:
        Derek Nelsen and Eric Preheim, Fuller & Williamson, LLP
        7521 South Louise Avenue, Sioux Falls, South Dakota, 57108

        For the Defendant:
        Steven J. Morgans, Myers Billion, LLP
        P.O. Box 1085, Sioux Falls, South Dakota, 57104.

3.     Name of the insurance carriers and amount of liability coverage available.

        American Family Mutual Insurance Company.  The amount of liability coverage available is not an issue because this is a direct action against American Family.

**B.**     **Description of the Case**

4.     A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses.

Plaintiff asserts the following:

This lawsuit arises from a hail event that occurred in June 2014.  That hail event resulted in damage to Plaintiff Dennis Neugebauer's home.  At all  relevant times, Mr. Neugebauer had a policy of insurance with Defendant, American Family Mutual Insurance Company.  American Family performed two inspections for damage after the hail event.  Those inspections took place between June 2014 and May 2015.  Both inspection reports indicated that there was no, or very little, hail damage to Mr. Neugebauer's home.  A third inspection was performed by an agent hired by American Family in July 2015 after Neugebauer requested another inspection.  That third inspection revealed significant damage to Mr. Neugebauer's home.  At all times, Mr. Neugebauer has maintained that his home suffered extensive and widespread hail damage as a result of the June 2014 hail event.  Mr. Neugebauer also asserts that American Family has engaged in a practice of initially denying the existence of hail damage to systematically delay the payments of benefits owed under the insurance policy.

Defendant asserts the following in response:

Defendant American Family was presented by Plaintiff with a claim for hail damage as a result of a storm that occurred on June 5, 2014.  An initial estimate was prepared and submitted to Plaintiff on or about June 16, 2014 based upon an initial inspection.  Approximately 4 months later, Plaintiff submitted an estimate to repair his entire roof based upon an estimate from Kuba Construction. However, Defendant learned that Kuba Construction had not actually inspected the roof for hail damage, and Plaintiff was advised that a re-inspection could occur under the policy if a contractor indicated storm damage to the roof.  A re-inspection occurred after insured finally obtained an opinion on roof damage from storm from a new contractor, Western Products in May of 2015.  The contractor and adjuster did not come to agreement on the damages and whether the entire roof needed replacement.  The parties ultimately followed an appraisal process under the insurance policy to resolve the dispute and the contractor representative for the Plaintiff and appraiser for the Defendant ultimately agreed upon a resolution on the amount of damages.  Defendant asserts that they reasonably investigated and adjusted the claim in good faith.

5.     A concise statement of the jurisdictional basis of the case, giving a brief narrative description as well as statutory references number.

4:15-CV-04189-KES
Form 52 Report and Scheduling Information

Diversity jurisdiction with an amount in controversy exceeding $75,000.  28 U.S.C. § 1332.

6.    A brief statement of the material issues to be resolved.

Did American Family breach its contract of insurance by delaying, denying, and refusing to pay for the proper repair of hail damage to Mr. Neugebauer's home.

Did American Family act vexatiously, in bad faith, and with  oppression, fraud, and malice by: (a) failing to reasonably investigate Mr. Neugebauer's hail loss; (b) failing to consider the rights of its insured equally with that of its own; (c) denying benefits owed under the policy; (d) delaying benefits owed under the policy; (e) and using a pattern or practice of claims handling that was intended to avoid paying what was owed in an institutional effort to maximize profits at the expense of its insureds.

## C.    Pleadings

7.    A statement of whether all pleadings have been filed, and description of any amendments to the pleadings the party proposes to make including the identification of any new parties to be added (if none so state).

All pleading have been filed.  The parties do not anticipate adding new or additional parties to the action.

8.    The date by which all motions which seek to amend the pleadings or add parties will be filed.

On or before March 2, 2016.

9.    Whether jury trial is available under the law, and whether a jury trial has been timely demanded.

A jury trial has been demanded and requested by both parties.

## D.    Initial Discovery Plan

10.   Date by which all pre-discovery disclosures required by Rule 26(a)(1) will be completed. [Note: discovery is not filed with the court.]

3

4:15-CV-04189-KES
Form 52 Report and Scheduling Information

Initial disclosures required under Rule 26(a)(1) will be exchanged no later than
March 16, 2016.

**E.    Discovery Plan**

11.    The procedure to be used for disclosure or discovery of electronic information.

Electronic information will be produced if available and otherwise discoverable.
The parties agree to preserve any electronic documentation that exists in the same manner
as other documents.

12.    The number of interrogatories each party will be permitted to serve.

Fifty (50).

13.    The maximum number of depositions by each party (excluding expert witness
depositions).

Fifteen.

14.    The limit on the length of depositions, in hours.

Seven (7) hours.

15.    The date by which all discovery (including expert discovery) will be completed.

October 5, 2016.

16.    A statement of how many, if any, expert witnesses each party anticipates calling at trial,
and a brief (one or two words) description of the type of experts anticipated, e.g., medical
doctor, economist, accident reconstructionist, accountant.

Plaintiff anticipates calling up to one expert witness at trial to testify about the
extent of the damage to the roof. Defendant anticipates calling up to two expert
witnesses.

17.    The date by which each party will disclose the identity of expert witnesses and disclose
the reports required under Fed. R. Civ. P. 26(a)(2). [Note: discovery is not filed with the
court.]

Plaintiff:      June 1, 2016.
Defendant:      July 15, 2016.

4

4:15-CV-04189-KES
Form 52 Report and Scheduling Information

18.     Whether the parties anticipate expert depositions.

        Yes.

19.     The number of expert depositions each party will be permitted to take.

        The parties will be permitted to take as many depositions as the opposing party
discloses.

20.     The frequency with which discovery responses must be supplemented pursuant to Rule
        26(e).

        Seasonably, and in all events, within thirty (30) days of trial.

**F.      Dispositive Motions and Trial**

21.     Date by which all dispositive motions will be filed.

        November 16, 2016.

22.     Estimated trial time including jury selection and instructions.

        Estimated trial time, including jury selection and instructions – three (3) days.

23.     Whether the parties consent to the assignment of the case to Magistrate Judge Veronica
        Duffy.

        No.

**G.      Settlement**

24.     The parties should fully explore the possibility of settling this case at the Rule 26(f)
        meeting.  If the case does not settle, the parties will be fully prepared to advise the court
        about the status of settlement discussions.  The parties will advise the court whether they
        desire a settlement conference with a United States magistrate judge.

        The parties agree some basic discovery needs to be taken before settlement
discussions would be fruitful.  If the parties reach a point where they wish to discuss
settlement, they will advise the court whether they desire a settlement conference with a
magistrate judge.

4:15-CV-04189-KES
Form 52 Report and Scheduling Information

25.     Plaintiff is directed to make a written settlement demand prior to the Rule 26(f) meeting. Defendant will respond in writing to this demand as soon as possible.

                    Plaintiff has made a settlement demand.  Defendant's written response is forthcoming.

26.     If Plaintiff is unable to make a settlement demand, plaintiff will be fully prepared:

      a.  To explain the inability;
      b.  To advise the court what is needed to evaluate settlement; and
      c.  To advise the court of the earliest date the parties can realistically evaluate settlement.

                    N/A.

27.     Other matters the parties want to raise.

                    None at this time.

Dated this 11th day of February, 2016.

                                    FULLER & WILLIAMSON, LLP


                                  /S/Eric Preheim_____
                                  Derek A. Nelsen
                                  Eric T. Preheim
                                  7521 South Louise Avenue
                                  Sioux Falls, SD 57108
                                  (605) 333-0003
                                  dnelsen@fullerandwilliamson.com
                                  epreheim@fullerandwilliamson.com
                                    *Attorneys for Plaintiff*

4:15-CV-04189-KES
Form 52 Report and Scheduling Information

Dated this 11th day of February, 2016.

MYERS BILLION, LLP


/s/ Steven J. Morgans
Steven J. Morgans
P.O. Box 1085
Sioux Falls, SD 57104
(605) 336-3700
smorgans@myersbillion.com
*Attorney for Defendant*

7