UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DENNIS NEUGEBAUER, | : | 4:15-cv-04189-KES |
| Plaintiff, | : | |
| v. | : | |
| | | BRIEF IN SUPPORT OF PLAINTIFF'S |
| AMERICAN FAMILY MUTUAL | : | MOTION TO COMPEL DISCOVERY |
| INSURANCE COMPANY, | | |
| | : | |
| Defendant. | | |
| | : | |

Plaintiff Dennis Neugebauer ("Neugebauer"), by and through his counsel of record, has moved this Court to compel Defendant American Family Mutual Insurance Company ("American Family") to respond to Plaintiff's Interrogatories and Requests for Production of Documents to Defendant (Second Set) dated April 5, 2016. Neugebauer submits this Brief in support of his Motion. Neugebauer has further requested that this Court order American Family to compensate Neugebauer for reasonable costs and attorneys' fees associated with bringing the Motion to Compel.

**Facts**

On April 5, 2016, Plaintiff's Interrogatories and Requests for Production of Documents to Defendant (Second Set) was served on American Family via United States first-class mail, postage prepaid. (3rd Aff., ¶ 3.)[1] American Family conveyed to Neugebauer in a May 20, 2016

---

[1] Refers to the Third Affidavit of Derek Nelsen, filed herewith.

voicemail that its discovery responses were not complete and requested an extension.  (*Id.*, ¶ 4.)

On June 2, 2016, American Family indicated that the second set of discovery responses were not

yet completed.  (*Id.*, ¶ 5.)  On June 3, 2016, American Family stated in a voicemail that its

second set of discovery responses would be served within two weeks from the following Monday

(June 20, 2016).  (3rd Aff., ¶ 6.)  Neugebauer then sent a letter to American Family on June 29,

2016, requesting, among other things, the status of American Family's second set of discovery

responses after American Family failed to produce *any* responses by its own deadline.  (*Id.*, ¶ 7.)

In that letter, Neugebauer requested the second set of discovery responses by July 8, 2016.  (*Id.*)

Neugebauer's counsel again inquired on the status of American Family's second set of discovery

responses on July 7, 2016.  (3rd Aff., ¶ 8.)  During a telephone conference on July 7, 2016,

American Family requested yet another extension on its second set of discovery responses (3rd

Aff., ¶ 9.)  Neugebauer then confirmed that American Family was to provide its responses by

July 13, 2016.  (*Id.*, ¶ 10.)  Unfortunately, no responses were received on July 13, 2016.  So, to

summarize, the following is a timeline of the various requests for the second set of discovery

responses and extensions granted.

| Date | Request/Extension | How relayed |
|------|-------------------|-------------|
| April 5, 2016 | Neugebauer's second set of discovery served | letter |
| May 20, 2016 | American Family requests extension (granted) | voicemail |
| June 2, 2016 | Neugebauer requests status of discovery | email |
| June 3, 2016 | American Family requests extension (granted) | voicemail |
| June 29, 2016 | Neugebauer requests status of discovery | letter |

| July 7, 2016 | Neugebauer requests status of discovery | email |
|---|---|---|
| July 7, 2016 | American Family requests extension (granted) | telephone & email |

## Argument

1. **American Family should be ordered to respond to Neugebauer's discovery requests.**

Rule 37 of the Federal Rules of Civil Procedure provides, in pertinent part:

(a)  Motion for an Order Compelling Disclosure or Discovery.

> (1)  *In General*.  On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
> . . .
>
> (3)  *Specific Motions*.
>
>> (A)  *To Compel Disclosure*.  If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.
>>
>> (B)  *To Compel a Discovery Response*.  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>>
>>> (i)  a deponent fails to answer a question asked under Rule 30 or 31;
>>> (ii)  a corporation or other entity fails to make a designation under Rule 30(b)(6) or 3J(a)(4);
>>> (iii)  a party fails to answer an interrogatory submitted under Rule 33; or
>>> (iv)  a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.
>
> (4)  Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be

treated as a failure to disclose, answer, or respond.

Even after American Family's repeated requests for extensions – all of which were granted – American Family has failed to respond to *any* of the interrogatories or requests for production of documents set forth in Neugebauer's second set of discovery responses. The responses were due on or before May 5, 2016.  It is now July 14, 2016, and no responses have been received.  Not one.  American Family should be ordered to fully respond to Neugebauer's second set of discovery requests, and all responsive documents should be produced.

**II.     American Family should be required to pay Neugebauer's reasonable costs expenses, including attorneys' fees, should his Motion be granted.**

Rule 37 of the Federal Rules of Civil Procedure provides, in pertinent part:

(a)  Motion for an Order Compelling Disclosure or Discovery.

(5)  Payment of Expenses; Protective Orders.

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted-or if the disclosure or requested discovery is provided after the motion was filed-the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees.  But the court must not order this payment if:

(i)  the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii)  other circumstances make an award of expenses unjust.

Pursuant to Rule 37(a)(5)(A), Neugebauer respectfully requests an Order from this Court requiring American Family to pay Neugebauer's reasonable costs and attorneys' fees in having to

bring this Motion to Compel. American Family has failed to even respond to Neuegebauer's second set of discovery requests after Neugebauer's repeated requests and extensions were granted. Neugebauer's counsel have made good faith effort to attempt to resolve this discovery dispute absent Court involvement. But those efforts were repeatedly unsuccessful. For these reasons, Neugebauer should be awarded his costs, including attorneys' fees, incurred in bringing this Motion.

## Conclusion

For the reasons outlined in this Brief, Neugebauer requests an Order from this Court compelling American Family to fully respond to Plaintiff's Interrogatories and Requests for Production of Documents to Defendant (Second Set). Should that Motion be granted, Neugebauer seeks an order requiring American Family to compensate Neugebauer for the costs, including attorneys' fees, that have been incurred in bringing this Motion.

Dated: July 14, 2016.

FULLER & WILLIAMSON, LLP

 /s/ Derek A. Nelsen
Derek A. Nelsen
Eric T. Preheim
7521 South Louise Avenue
Sioux Falls, SD 57108
(605) 333-0003
dnelsen@fullerandwilliamson.com
epreheim@fullerandwilliamson.com
 *Attorneys for Plaintiff*

**Certificate of Service**

I certify that on July 14, 2016, I e-filed and served via CM/ECF Filer (PACER), a true and correct copy of the foregoing Brief in Support of Plaintiff's Motion to Compel Discovery, upon:

Steven J. Morgans
MYERS BILLION, LLP
smorgans@myersbillion.com
*Attorney for Defendant*

/s/ Derek A. Nelsen
One of the Attorneys for Plaintiff